IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JERMAINE DION WHITE, JASON BATES, MAHDI AL-BAWI,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-CR-501-DAK<br><br>Judge Dale A. Kimball |

On February 1, 2023, Defendant Jermaine Dion White filed a Motion for Evidentiary Hearing on *James* Issues. *See United States v. James*, 590 F.2d 575 (5th Cir.), *cert. denied*, 442 U.S. 917 (1979). On April 28, 2023, Defendant Jason Michael Bates joined in White's motion, and May 1, 2023, Defendant Mahdi Al-Bawi joined in White's motion. The United States asked for an extended amount of time to respond to the motion, which the court granted. On May 25, 2023, the United States responded to the motion. Defendants did not seek an extension of time to file a reply and the time for doing so has passed. The court considers the motion fully briefed.

Defendants seek a *James* hearing to require the government to show, outside the presence of the jury, and by a preponderance of the evidence, that a conspiracy to distribute controlled substances exists and that the statements the government seeks to admit pursuant to Federal Rule of Evidence 801(d)(2)(e) were made during the course of and in furtherance of that conspiracy. Defendants further seek a list of the statements the government intends to introduce pursuant to

Rule 801(d)(2)(e).and a proffer of the evidence it alleges will establish the conspiracy or agreement.

Rule 801(d)(2)(e) allows the admission of statements that would otherwise be hearsay if they were made by a co-conspirator during the course of and in furtherance of the conspiracy. Before admitting evidence under Rule 801(d)(2), this court must determine that three elements have been met.  First, "by a preponderance of the evidence, a conspiracy existed, [second] the declarant and the defendant were both members of the conspiracy, and [third] the statements were made in the course of and in furtherance of the conspiracy." *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994), *cert. denied,* 513 U.S. 977 (1994).  The United States has the burden of proof to establish these foundational requirements. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).  In making these preliminary determinations, the court can consider any evidence that is not subject to privilege.  *United States v. Owens*, 70 F.3d 1118, 1124 (10th Cir. 1995).  This includes coconspirator statements the government seeks to introduce at trial and any other hearsay evidence whether or not that evidence would be admissible at trial.  *Id.*

The district court has discretion on when and how to make this determination as long as it makes a formal finding regarding the required elements.  *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995), *cert. denied*, 525 U.S. 1050 (1991).  The district court may either hold a *James* hearing or it may conditionally admit the statements with limiting instructions.  *Owens*, 70 F.3d at 1123.  The Tenth Circuit has recognized that the determination of whether to hold a hearing can be influenced by "the particular configuration of the government's evidence and the constraints of a multi-defendant trial." *United States v. Roberts*, 14 F.3d 502, 514 (10th Cir. 1994).  There is no requirement to hold an evidentiary hearing.  *Owens*, 70 F.3d at 1123-25.

In this case, the United States submitted an extensive written proffer regarding the conspiracy to distribute controlled substances that it intends to prove against Defendants at trial The United States also submitted an index that lists the co-conspirators statements the United States intends to use at trial.  Each of these statements are statements that further the conspiracy in some way.

In determining whether a conspiracy exists, the co-conspirators' actions may be diverse and far ranging and still be deemed a single conspiracy if "there is sufficient proof of mutual dependence and assistance."  *United States v. Roberts*, 14 F.3d 502, 514 (10th Cir. 1993).  The Tenth Circuit has recognized that "'lapses of time, changes in membership, or shifting emphases in the locale of operations [do not] necessarily convert a single conspiracy into multiple conspiracies.'"  *United States v. Roberts*, 14 F.3d 502, 511 (10th Cir. 1993).  The ultimate question is whether the activities are tied to a common, illicit goal.  *See Owens*, 70 F.3d at 1126.  The proffered evidence demonstrates that there was an implicit agreement between Defendants and their co-conspirators to acquire, possess, and distribute drugs to make money and then laundering the proceeds of those sales.  The statements show that Defendants and each of their declarant co-conspirators knew the essential purpose of the conspiracy and they voluntarily participated in it.  Statements Defendant Bates made to his customers, who were not co-conspirators, were also made in furtherance of the conspiracy.  All the proffered statements were made during the timeframe of the alleged conspiracy.  The statements include explanations of "events of importance to the conspiracy in order to facilitate its operation, statements between co-conspirators which provide reassurance, which serve to maintain trust and cohesiveness among them, or which inform each other of the current status of the conspiracy, and statements of a co-conspirator identifying a fellow co-conspirator."  *United States v. Townley*, 472 F.3d

1267, 1273 (10th Cir. 2007). These types of statements are made in furtherance of the conspiracy. *Id.*

Therefore, the court concludes that the United States has demonstrated by a preponderance of the evidence that it can establish the existence of a conspiracy, Defendants involvement in the conspiracy, and that, based on the proffered statements and other independent evidence to be offered at trial, the proffered statements were made during and in furtherance of the conspiracy. Accordingly, the court conditionally admits the co-conspirators' statements.

CONCLUSION

For the reasons stated above, Defendants' motions for a *James* hearing [ECF Nos. 232, 263, 265] are DENIED based on the sufficiency of the written proffer the United States submitted.

DATED this 15th day of June, 2023.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge