IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JASON MICHAEL BATES, <br><br> Defendant. | ORDER DENYING DEFENDANT'S [366] RENEWED MOTION TO COMPEL DISCOVERY <br><br> Case No. 2:21-cr-00501-DAK-CMR <br><br> Judge Dale A. Kimball <br> Magistrate Judge Cecilia M. Romero |

At the July 15, 2024 hearing (ECF 375) on the Renewed Motion to Compel (Renewed Motion) (ECF 366) filed by the attorney for Defendant Jason Michal Bates (Mr. Bates), the court ordered the United States to address claims that certain discovery materials were inaccurately "cribbed" or "cropped" as set out in Mr. Bates own handwritten Motion to Compel (ECF 374)—filed in the docket as an exhibit—which was provided to the court and the United States at the July 15, 2024 hearing; and report on undersigned counsel's individual review of the separate prosecution file of Jose Araujo (Araujo File) and the materials provided (and not provided) to Mr. Bates in this case. Having reviewed the Renewed Motion to Compel (ECF 366) as well as the initial Motion to Compel (ECF 267) (which was tabled following a meet to confer on June 5, 2023 where two further reports were produced (ECF 287)) to collect additional background facts and argument, the United States' Response (ECF 369), oral argument (ECF 375), and the supplemental response of the United States (ECF 376) as well as the supplemental response of Mr. Bates (ECF 381), and for the reasons addressed below, the court DENIES the Renewed Motion to Compel.

1

## I. LEGAL STANDARD

The United States' discovery obligations are governed by Fed. R. Crim. P. 16, case law, and statutes. *See, e.g.*, *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963); 18 U.S.C. § 3500 (Jencks Act)). Federal Rule of Criminal Procedure 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i)  the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E)(i)-(iii). The defendant "bears the burden to make a prima facie showing of materiality" for purposes of Rule 16. *United States v. Simpson*, 845 F.3d 1039, 1056 (10th Cir. 2017). Moreover, "[a] general description of the item will not suffice; neither will a conclusory argument that the requested item is material to the defense. Rather, a defendant must make a specific request for the item together with an explanation of how it will be helpful to the defense. The defendant must show more than that the items bears some abstract logical relationship to the issues in the case . . . ." *United States v. Flynn*, No. 2:16-cr-00056, 2021 WL 5882240, *2 (D. Utah Dec. 13, 2021) (quoting *United States v. King*, No. 19-CR-257-WJM, 2021 WL 4441514, at *3 (D. Colo. Sept. 28, 2021)).

The United States is obligated to comply with Rule 16, but its obligations are not without limit: "Rule 16 does not authorize a blanket request to a see a prosecution's file" and does not permit "'any broad or blind fishing expedition[s].'" *United States v. Maranzino*, 860 F.2d 981, 985 (10th Cir. 1988) (quoting *Jencks v. United States*, 353 U.S. 657, 667 (1957)).

2

Likewise, under *Brady*, evidence is material if it "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *See Kyles v. Whitley*, 514 U.S. 419, 435 (1995); *see also United States v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998) ("[T]he criterion of materiality is met only if there is a 'reasonable probability' that the outcome of a trial would have been different had the evidence been disclosed to the defense.").

Court have consistently held that *Brady* "does not grant criminal defendants the right to embark on a 'broad or blind fishing expedition among documents possessed by the Government.'" *United States v. Mayes*, 917 F.2d 457, 461 (10th Cir. 1990) (quoting *Jencks*, 353 U.S. at 667). Further, *Brady* does not authorize wholesale discovery or demand an "open file" policy, *Kyles*, 514 U.S. at 436–37, nor does it grant the defendant a right to rummage through government files, *United States v. Williams*, 580 F.2d 578, 585 (D.C. Cir.), *cert. denied,* 439 U.S. 832 (1978). *Brady* does not require the government to divulge every possible shred of evidence that could conceivably benefit the defendant. *Smith v. Sec. of New Mexico Dept of Corr.*, 50 F.3d 801, 823–24 (10th Cir.), *cert. denied,* 516 U.S. 905 (1995). Further, *Brady* requires the government to produce exculpatory evidence, not evidence which is merely not inculpatory. As the Tenth Circuit explained, "[i]f a statement does not contain any expressly exculpatory material, the Government need not produce that statement to the defense. . . We are confident that the Supreme Court did not intend the *Brady* holding to sweep so broadly." *United States v. Comosona*, 848 F.2d 1110, 1115 (10th Cir. 1988).

## II.     ANALYSIS

1. **The Araujo File**

As an initial matter, the court notes the sole focus of the Renewed Motion to Compel under Federal Rule of Criminal Procedure 16(a)(1)(E)(i) ("the item is material to preparing the defense") filed by Mr. Bates' attorney is to request the complete file related to Jose Araujo (Araujo File),[1] a defendant in a separate matter, Case No. 2:21-CR-429 in the District of Utah, who ultimately pled to Unlawful Notice of Certain Electronic Surveillance. Though not specifically argued or noted in the Renewed Motion (but was addressed generally in the initial Motion to Compel (ECF 267)), Mr. Araujo, on April 14, 2022, as part of his plea, stipulated that on September 1, 2021 he was a government contractor to the Drug Enforcement Agency (DEA). On August 23, 2021, Chief Judge Robert Shelby authored a wire-intercept to a line belonging to a target of a DEA drug investigation, which Mr. Araujo was monitoring. On September 1, 2021, Mr. Araujo used a burner app to send a text message to the phone number of a known associate[2] of the target[3] in an attempt to inform the target that his phone was being monitored (ECF 32, Case No. 2:21-CR-429).[4] Mr. Bates was a target that Mr. Araujo was helping to monitor pursuant to the wiretap. Serene Al-

---

[1] The court notes some of the Araujo File was produced prior to the present Renewed Motion, just not the entire file. What was produced is a memorandum from AP&P agent Steven Ostler to the FBI investigators concerning the text messages in question; reports from Ryan Stocking, Paul Tittensor, Chris Williamson, and Aaron Henderson concerning the text messages in question; Araujo's later confession about sending the message and actions concerning the text messages and Araujo's confession; the text images themselves; and finally, the United States' disclosure letter concerning the Araujo investigation (ECF 376 at 8).

[2] Identified in the initial Motion to Compel as Serene Al-Abbodi (ECF 267 at 3) and also co-defendant in the present matter (ECF 11).

[3] Which includes Mr. Bates (ECF 269 at 3).

[4] The court finds that these proceedings directly relate to the case at hand and therefore considers this information. *See Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016) ("[A]lthough not obliged to do so, a court in its discretion may 'take judicial notice of publicly-filed records in [federal] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.'" (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192, n.5 (10th Cir. 2007))).

Abbodi then notified Mr. Bates by "actually texting him Mr. Araujo's tip off message" (ECF 267 at 3-4). Mr. Bates was indicted on December 1, 2021, on Conspiracy to Distribute PVP and/or PHP and Conspiracy to Commit Money Laundering (ECF 11).

The prosecutor in the Araujo matter, was Jennifer Muyskens (Ms. Muykens) and the prosecutor in Mr. Bates case is Seth Nielson (Mr. Nielson). Prior to the July 15, 2024 hearing, Mr. Nielsen did not have direct access to the Araujo File but relied on Ms. Muyskens' disclosure of material information and material that should be disclosed in this matter, as well as her discussions with Mr. Bates' attorney regarding his initial and Renewed Motion (ECF 369 at n.2). It was concerning to the court that Mr. Nielsen did not review the Araujo File independently and determine, as part of his case which he is prosecuting, what must be produced. The court therefore ordered, at the July 15, 2024 hearing, that Mr. Nielsen directly and individually review the complete Araujo File and determine if anything more needed to be produced in compliance with his Rule 16, *Brady*, and other disclosure obligations. After the hearing, Mr. Bates' attorney also informed the court that the prosecutor in the Araujo matter is the subject of an investigation that has resulted in disciplinary proceedings concerning very serious conduct (ECF 381-1).

Notwithstanding the issues regarding the other prosecutor, Mr. Nielsen has since individually reviewed the Araujo File and reports that he

> reviewed the entirety of Araujo prosecution file and reaffirms that there is nothing that the United States has not produced which either inculpates or exculpates the Defendant. Undersigned counsel also affirms that there is no evidence or information in the Araujo prosecution file to suggest that anyone (Araujo or otherwise) had the ability to or did edit, manipulate, delete, destroy, or alter any of the evidence obtained through the Title III wire.

(ECF at 376 at 8).

The concern that Mr. Nielsen had not individually reviewed the Araujo File is now addressed given the certification he provides, as an officer of the court, that he has reviewed the complete Araujo File and certifies there is nothing more to produce that "inculpates or exculpates" Mr. Bates.

The court therefore turns to Mr. Bates' request for the entire Araujo File. Mr. Bates argues that he is entitled to the entirety of the Araujo File, while the United States argues he must identify what he is seeking and the need for the item. *See Flynn*, 2021 WL 5882240, *2 ("A general description of the item will not suffice; neither will a conclusory argument that the requested item is material to the defense. Rather, the defendant must make a specific request for the item together with an explanation of how it will be helpful to the defense. The defendant must show more than that the items bear some abstract logical relationship to the issues in the case."). The court agrees with the position of the United States.

At the July 15, 2024 hearing, Mr. Bates himself offered his own handwritten filing to justify the request, which was filed on the docket as ECF 374 and entitled Motion to Compel. While the court made limited inquiry into that filing at the hearing regarding texts that were produced, as will be addressed below, the court will not consider this pro se pleading as Mr. Bates is represented by counsel. Rather, outside of the items addressed below, the court will focus on the Renewed Motion his attorney filed and arguments made at the hearing in relation to the request for the entire Araujo File.

Counsel for Mr. Bates did argue that he needed the Araujo File to help address his Motion to Suppress the wiretap that was authorized in this matter and because Mr. Araujo was ultimately convicted, there may be evidence in the file that should have been presented to the wiretap judge,

which was not, or that there could be evidence that Araujo (or others) manipulated/destroyed/altered evidence in the wiretap that therefore could impact Mr. Bates charges and question the evidence in this matter. The court finds Mr. Bates proffer is a generalized request for the Araujo File and that he has not demonstrated materiality. Rather, he makes a generalized argument to help with his Motion to Suppress and avers generally there *could* be helpful information within the Araujo File. This does not meet either the Rule 16, *Giglio,* or *Brady* requirements. The generalized request does not demonstrate materiality beyond it *could* assist with the Motion to Suppress or call into question the evidence but with no concrete arguments for how or why.

By way of example, in terms of timing, materiality is not demonstrated. The wiretap was authorized on August 23, 2021, but Mr. Araujo did not send the text until September 1, 2021 (after the wiretap was authorized). Even with extensions to the wiretap (which was not explained or clarified but generally argued it *could* have had an impact), there was sufficient information to authorize the wiretap before Mr. Araujo's September 1, 2021 text, and it is not clear why Mr. Araujo's subsequent conduct would change that, or demonstrate materiality requiring production of the entire Araujo File.

Moreover, as discussed below, while Mr. Bates himself at the hearing tried to call into question issues regarding what was produced (that the texts were cropped or cribbed as support for the argument that evidence may have been manipulated/destroyed/altered, etc.), the court does not find this to be anything more than unsubstantiated speculation. Mr. Nielsen also certifies there is "no evidence or information in the Araujo prosecution file to suggest that anyone (Araujo or otherwise) had the ability to or did edit, manipulate, delete, destroy, or alter any of the evidence

obtained through the Title III wire." As explained above, this certification sufficiently addresses the court's prior concerns regarding the prosecution's review and disclosure of the Araujo File.

Mr. Bates argument is nothing more than an abstract relationship to the case. Moreover, Mr. Bates does not demonstrate, beyond unsupported speculation, an expressly exculpatory need for the information; rather this appears to be a desire to go on a fishing expedition to see if there is anything helpful in the Araujo File, which is not the standard that governs. While the court can appreciate the concern regarding the prosecutor in the Araujo's matter, any concern in this case was addressed given Mr. Nielsen's individual review of the Araujo File, and certification that nothing more is required to be produced beyond the items that have already been produced.

## 2. Questions Regarding What Was Produced from the Araujo File

At the July 24 hearing, Mr. Bates, through his own Motion to Compel, took issue with pictures of text messages (ECF 374 at 10, 12), which he claims (1) were removed from discovery by the United States, and/or (2) were "cribbed" or "cropped" by the United States to remove a phone number from the top of that image, and therefore argues this supports his claim that evidence would have been manipulated, which is why the entire Araujo File is needed. While the United States agrees that images Mr. Bates references are printed or produced in a manner which does not include the entirety of the images—that is, the top portion of the images have not been included in his printouts—such is not how they were initially produced by the United States.

The images of the text messages provided by the United States to the defense reflect that the United States preserved and produced the full image, with the top portion of the images

captured, which includes the full cell number. The two non-bates labeled[5] images produced by the United States to the defense are attached as Exhibits 2 and 3 (ECF 376-2 and 376-2[6]) and are and have been accessible by Mr. Bates. The full and complete images were previously provided to the defense on June 2, 2023, as documented in the United States' Eleventh Certificate of Compliance (11th Compliance) as bates numbered documents PH-TXT-01-0001 and 00002 (ECF 284). At the status conference, the United States also produced the bates numbered document reflected in the 11th Compliance (ECF 387), and the court can therefore confirm that the documents were produced with the number at the top. Other than the claim that Mr. Bates' copies differ from those that were produced, there is no credible arguments or evidence that the texts messages were altered by the United States or anyone else, including Mr. Araujo. Rather, as acknowledged by Mr. Bates, it could have been the texts messages were just printed incorrectly, with the top missing or because Mr. Bates did receive a copy of the text directly from Serene Al-Abbodi, his images differ. Mr. Bates did not offer any information on who printed Mr. Bates' copies but as discussed above, the court was able to confirm what was produced in discovery which contains the phone number.

Turning to the additional discussion in court that Mr. Bates claims that the text message pictures were "missing from the wire" and only provided "in the Araujo discovery" in his case, the United States confirms this to be true as the two images were not produced to the Mr. Bates

---

[5] The United States explained bates numbered as well as non-bates numbered documents were produced because the quality of the image is not as clear with the bates label (ECF 387).

[6] These were incorrectly noted as Exhibits 4 and 5 (ECF 376 at 3) in the United States' supplement brief as clarified at the status conference (ECF 387) where the United States confirmed they should have been referred to as Exhibits 2 and 3. Exhibits 4 and 5 should have been referred to as Exhibits 2 and 3 which were provided to the United States as additional proof of Mr. Bates' position that his copies of these same texts are cropped or cribbed.

until June 2, 2023, as confirmed in 11th Compliance (ECF 284) and in response to Mr. Bates initial Motion to Compel (ECF 267). Moreover, they would not have been included in the initial wire because the text was sent on September 1, which is after the wire was authorized (August 23). The court is not able to find any concerning behavior regarding timing, or the production of these text messages as they were produced, and Mr. Bates has had them since June 2, 2023.

Neither of these concerns demonstrate materiality given they are nothing more than speculation.

## CONCLUSION AND ORDER

For the reasons address above, the Renewed Motion to Compel is DENIED.

DATED this 19 August 2024.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah