IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON MICHAEL BATES,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S [407] MOTION TO COMPEL DISCOVERY OF DATA COLLECTED DURING WIRETAP OF DEFENDANT'S TELEPHONE<br><br>Case No. 2:21-cr-00501-DAK-CMR<br><br>Judge Dale A. Kimball<br>Magistrate Judge Cecilia M. Romero |

Before the court is Defendant Jason Michal Bates' (Mr. Bates) Motion to Compel "all electronic data collected during the wiretap of his telephone in the present case" (Motion) (ECF 407). In the United States' Response (ECF 408), while the United States is not certain what is Mr. Bates' specific request, it is assumed Mr. Bates is asking for access to "the original sealed discs which were created by the Drug Enforcement Administration (DEA) after termination of their Title III interception of Mr. Bates' phone" and which discs were ordered sealed by Judge Shelby pursuant to 18 U.S.C. § 2518(8)(a) (ECF 408 at 11). The United States also indicates duplicable recordings were made for use or disclosure as permitted by the above statute and therefore Mr. Bates has been provided "an exact copy of what is on the sealed dics" (*id.* at 12). The United States has further explained that "Mr. Bates has received the discovery in this case" which includes providing Mr. Bates "with evidence obtained through the wire intercept of his phone" (*id.*) Finally, the United States argues that if Mr. Bates is asking for the original Title III discs, which are sealed, he has failed to meet the standard under 18 U.S.C. § 2518(8)(a) (*id.* at 15). Mr.

1

Bates did not submit a reply. For the reasons addressed below, the court DENIES the Motion to Compel.

## I.     LEGAL STANDARD

Mr. Bates, in his Motion, only cites to Federal Rule of Criminal Procedure 16 as governing in this case, and he has provided no basis to consider this under any other standard. The United States' discovery obligations are governed by Rule 16, case law, and statutes. *See, e.g.*, *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963); 18 U.S.C. § 3500 (Jencks Act). Federal Rule of Criminal Procedure 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i)     the item is material to preparing the defense;
> (ii)    the government intends to use the item in its case-in-chief at trial; or
> (iii)   the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E)(i)—(iii). The defendant "bears the burden to make a prima facie showing of materiality" for purposes of Rule 16. *United States v. Simpson*, 845 F.3d 1039, 1056 (10th Cir. 2017). Moreover, "[a] general description of the item will not suffice; neither will a conclusory argument that the requested item is material to the defense. Rather, the defendant must make a specific request for the item together with an explanation of how it will be helpful to the defense. The defendant must show more than that the items bears some abstract logical relationship to the issues in the case . . . ." *United States v. Flynn*, No. 2:16-cr-00056, 2021 WL 5882240, *2 (D. Utah Dec. 13, 2021) (quoting *United States v. King*, No. 19-cr-257-WJM, 2021 WL 4441514, at *3 (D. Colo. Sept. 28, 2021)).

The United States is obligated to comply with Rule 16, but its obligations are not without limit: "Rule 16 does not authorize a blanket request to a see a prosecution's file," *United States v. Maranzino*, 860 F.2d 981, 985 (10th Cir. 1988), and does not permit "any broad or blind fishing expedition[s]," *Jencks v. United States*, 353 U.S. 657, 667 (1957) (quoting *Gordon v. United States*, 344 U.S. 414, 419 (1953)).

Likewise, under *Brady v. Maryland*, 373 U.S 83 (1963), evidence is material if it "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *See Kyles v. Whitley*, 514 U.S. 419, 435 (1995); *see also United States v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998) ("[T]he criterion of materiality is met only if there is a 'reasonable probability' that the outcome of a trial would have been different had the evidence been disclosed to the defense." (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985))).

Courts have consistently held that *Brady* "does not grant criminal defendants the right to embark on a 'broad or blind fishing expedition among documents possessed by the Government.'" *United States v. Mayes*, 917 F.2d 457, 461 (10th Cir. 1990) (quoting *Jencks*, 353 U.S. at 667). Further, *Brady* does not authorize wholesale discovery or demand an "open file" policy, *Kyles*, 514 U.S. at 436–37, nor does it grant the defendant a right to rummage through government files, *United States v. Williams*, 580 F.2d 578, 585 (D.C. Cir. 1978), *cert. denied,* 439 U.S. 832 (1978). *Brady* does not require the government to divulge every possible shred of evidence that could conceivably benefit the defendant. *Smith v. Sec. of New Mexico Dept. of Corr.*, 50 F.3d 801, 823–24 (10th Cir. 1995), *cert. denied,* 516 U.S. 905 (1995). Further, *Brady* requires the government to produce exculpatory evidence, not evidence which is merely not inculpatory. As the Tenth Circuit explained, "[i]f a statement does not contain any expressly exculpatory material, the Government

need not produce that statement to the defense. . . . We are confident that the Supreme Court did not intend the *Brady* holding to sweep so broadly." *United States v. Comosona*, 848 F.2d 1110, 1115 (10th Cir. 1988).

While the United States addresses 18 U.S.C. § 2518(8)(a) and argues Mr. Bates has not met that standard, the court notes no where in Mr. Bates Motion is this statute mentioned. Rather, Mr. Bates general reference is only to Rule 16. The court therefore declines to address this Motion under 18 U.S.C. § 2518(8)(a). as Mr. Bates has failed to indicate that is the basis under which he is moving and address the relevant legal standard.

## II.     ANALYSIS

Mr. Bates fails to meet the requirements of Rule 16. Other than the request that he wants all "electronic monitoring process pursuant to the wiretap of his telephone" (ECF 407 at 2), no missing, exculpatory, or material information is identified. Frankly, the court is at a loss for exactly what is being requested and declines to assume he is asking for original sealed discs as he does not make that request in his Motion.

Mr. Bates' Motion states generally that more communications "should exist, but they do not appear, but the numerical sequence of documents interceptions show no gaps" (*id*.). Simply put, it is mere speculation and conjecture that more documents should exist, and this does not meet either Rule 16, *Giglio*, or *Brady* requirements. Mr. Bates also generally suggests evidence may have been tampered with, with no factual support for such an assertion. He points to his suspicions regarding the Joe Arajuo file, but the court has already addressed that issue in a separate order and did not find "credible arguments or evidence that the text[] messages were altered by

the United States or anyone else" (ECF 388 at 9).

Finally, in its response, the United States indicates "Mr. Bates has received the discovery in this case" which includes the "evidence obtained through the wire intercept of his phone. That evidence has been provided by duplicate recordings of the wire intercept, which are exact copies of the sealed discs" (ECF 408 at 12). Mr. Bates has not offered any supported arguments to the contrary.

For the reasons address above, the Motion to Compel is DENIED.

DATED this 11 October 2024.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah