IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON MICHAEL BATES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [615] JOINT MOTION TO ADOPT STATEMENT OF EVENTS**<br><br>Case No. 2:21-CR-00501-DAK-CMR-5<br><br>District Judge Dale A. Kimball<br><br>Chief Magistrate Judge Cecilia M. Romero |

Before the court is Defendant Jason Michael Bates' (Mr. Bates) and Plaintiff United States of America's (Plaintiff) Joint Motion to Adopt Statement of Events under Federal Rules of Appellate Procedure 10(c) and 10(e)(2)(B) (Motion) (ECF 615). For the reasons set forth below, the court enters the following Memorandum Decision and Order GRANTING the Motion.

## I.  BACKGROUND

Mr. Bates pleaded guilty to Counts 1 and 2 of his indictment and was sentenced to 120 months' imprisonment (R. Vol. I, pp. 684–85). Mr. Bates' plea agreement was conditional under Fed. R. Crim. P. 11(a)(2) and preserved his right to appeal (*id*. at 677). On May 4, 2023, Mr. Bates filed a Motion to Compel Discovery (Motion to Compel) (ECF 267), and the undersigned held a hearing on the Motion to Compel on May 30, 2023. Part of the hearing was open to the public (R. Vol. IV, pp. 40–64), and part was sealed and *ex parte* (R. Vol. III, pp. 6–13). The sealed *ex parte* portion of the hearing consisted of a discussion between the undersigned and former Assistant United States Attorney Jennifer Muyskens (*id*.). The sealed *ex parte* portion of the hearing has since been unsealed, and the transcript has been placed on the public docket at ECF 604 and 605. The undersigned took the Motion to Compel under advisement (ECF 281) and later denied it as

1

moot (ECF 293), permitting Mr. Bates to renew the motion pending further developments (*see id.*). As permitted, Mr. Bates filed a Renewed Motion to Compel (ECF 366), which the undersigned denied (R. Vol. I, pp. 589–98). Mr. Bates appealed the denial of the Renewed Motion to Compel (*id.* pp. 628–29).

The transcript of the May 30, 2023, hearing (both the public and *ex parte* portions) does not fully include all that was said due to technical issues (R. Vol. III, p. 8; R. Vol. IV, p. 42). While the undersigned's statements during the hearing are transcribed in full, the technical issues resulted in substantial portions of the attorneys' arguments not being transcribed and noted as "(inaudible)" in the transcripts (*see* R. Vol. IV, pp. 40–64; R. Vol. III, pp. 6–13). The Tenth Circuit, at the request of Mr. Bates, abated the appeal to allow the parties to reconstruct the missing portions of the two transcripts.

## II.  DISCUSSION

Federal Rule of Appellate Procedure 10 provides the mechanism for ensuring that the appellate record accurately reflects the proceedings in the district court, including when a transcript is incomplete or unavailable. *See* Fed. R. App. P. 10. Under Rule 10(c), "[i]f the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." *Id.* 10(c). The opposing party may then serve objections or proposed amendments, after which the statement, together with any objections, "must be submitted to the district court for settlement and approval." *Id.* Once approved, the statement "must be included by the district clerk in the record on appeal." *Id.*

Rule 10(e) further provides that, if "anything material to either party is omitted from or misstated in the record by error or accident," the omission or misstatement may be corrected and the record supplemented "by the district court." *Id.* 10(e)(2). The purpose of Rule 10(e) is to ensure

that the record truly discloses what occurred in the district court, "but does not grant a license to build a new record." *Shooting Star Ranch, LLC v. U.S.*, 230 F.3d 1176, 1177 n.2 (10th Cir. 2000) (quoting *United States v. Kennedy*, 225 F.3d 1187, 1190–91 (10th Cir. 2000)).

Accordingly, where portions of a transcript are unavailable, under Rule 10(c), the proper procedure is for the parties to reconstruct the missing portions through a statement of the evidence, submit any objections, and present the statement to the district court for settlement and approval. If the district court finds any errors with the statement of evidence, it may correct them under Rule 10(e). Once the statement of evidence has been reviewed and approved by the district court, it becomes part of the record to cure any deficiency caused by the incomplete transcript.

Here, pursuant to Rule 10(c), the parties have filed a Statement of Events (ECF 65-1), which they believe accurately summarizes what occurred during the portions of the hearing that could not be transcribed. The parties assert that they have conferred with each other, with Mr. Bates' trial attorney, Scott Williams, and with former AUSA Muyskens, the only attorney present during the *ex parte* portion of the hearing (ECF 615 ¶¶ 23–24). Because the undersigned was present during both portions of the hearing, the parties request that the undersigned review the Statement of Events and determine whether it accurately discloses what occurred and adopt the statement in full under Rule 10(c) (*id*. ¶ 24–26). If the undersigned believes that the Statement of Events should be revised or supplemented based on her recollection of what occurred, the parties ask that the undersigned make such changes under Rule 10(e) (*id*. ¶ 27).

After a thorough review of the Statement of Events, the undersigned determines that it accurately reflects what occurred during both portions of the hearing and finds it unnecessary to make any changes or supplements under Rule 10(e).

### III.   CONCLUSION

Because the undersigned has determined that the Statement of Events accurately discloses what occurred during the inaudible portions of the hearing which took place on May 30, 2023, IT IS HEREBY ORDERED that the Motion is GRANTED. The court therefore APPROVES the Statement of Events pursuant to Fed. R. App. P. 10(c). The Clerk of Court is DIRECTED to include the approved Statement of Events in the official record on appeal and to transmit the supplemented record to the Tenth Circuit.

IT IS SO ORDERED.

DATED this 11 May 2026.

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah